**WO**                                                                      SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 06-0196-PHX-JAT |
| Plaintiff, | ) ) | No. CV 06-1319-PHX-JAT (HCE) |
| v. | ) ) | **ORDER** |
| Francisco Padilla-Mendoza, | ) ) | |
| Defendant/Movant. | ) ) ) | |

Movant Francisco Padilla-Mendoza ("Movant"), who is confined in the Central Arizona Detention Center in Florence, Arizona, filed a *pro se* "Motion For Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255)." (Doc.# 13.)[1] The Court dismissed the motion with leave to amend. (Doc.# 15.) Movant has filed an Amended Motion. (Doc.# 16.) Movant's Amended Motion will dismissed.

**I. Procedural Background**

On May 8, 2006, the Court sentenced Movant to a term of 30 months after he pleaded guilty to illegal re-entry after deportation, a violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2). (Doc.# 11.) In the Amended Motion, Movant alleges that his conviction was obtained by a violation of the privilege against self-incrimination. (Doc.# 16 at 4.) In support of that claim, Movant explains why he came to the United States and requests a reduction of his sentence so that he can help to support his family and parents, who are ill.

---

[1] "Doc.#." refers to the docket number of documents filed in the criminal case.

TERMPSREF

## II.        Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings for the United States Courts, 28 U.S.C. foll. § 2255. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). The record shows that Movant plainly is not entitled to relief and that summary dismissal under Rule 4 is warranted.

## III.       Movant is Not Entitled to Relief

To obtain relief pursuant to § 2255, a movant must establish that his federal constitutional or statutory rights were violated.

### A.        Waiver

Movant waived the right to appeal or seek collateral review of his conviction and sentence. "[S]trict standards [apply to find] waiver of constitutional rights," United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005); it is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights, United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). For example, a waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. Id. A defendant may also waive the statutory right to file a § 2255 motion challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was not

TERMPSREF

1  voluntary and intelligent or that the waiver was rendered involuntary or unintelligent due to

2  the ineffective assistance of counsel.  See Washington v. Lampert, 422 F.3d 864, 869-70 (9th

3  Cir. 2005) ("a plea agreement that waives the right to [seek collateral review] is

4  unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver");

5  Pruitt, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that

6  counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain);

7  Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of

8  ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156

9  n.4 (declining to decide whether waiver of all statutory rights included claims implicating the

10  voluntariness of the waiver).

11       Provided that his sentence was consistent with the terms in his plea agreement,

12  Movant expressly agreed that he (1) "waives any right to appeal the court's entry of judgment

13  against defendant; (2) any right to appeal the imposition of sentence upon defendant under

14  Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to

15  collaterally attack defendant's conviction and sentence under Title 28, United States Code,

16  Section 2255, or any other collateral attack."  (Doc.# 12 at 4-5.)  Moreover, Movant

17  expressly acknowledged that "this waiver shall result in the dismissal of any appeal or

18  collateral attack defendant might file challenging his conviction or sentence in this case."

19  (Id.)  The plea agreement set forth possible sentencing ranges, depending on Movant's

20  criminal history and other factors, but all of which included up to 30 months and more.  (Id.

21  at 2-4.)  It further provided that Movant had discussed the terms of the agreement with his

22  attorney.  (Id. at 6-7.)  In the factual basis portion of the plea agreement, Movant stated in

23  relevant part that he was not a United States citizen or national, that he had previously been

24  deported, excluded or removed from the United States, that he was thereafter voluntarily

25  present in the United States without the express consent of the Secretary of the Department

26  of Homeland Security and that he was previously convicted of possession or purchase for

27  sale of a narcotic controlled substance and armed with a firearm for which he was sentenced

28

1    to 365 days in jail.  (Id. at 8.)  Movant agreed that he understood that he would have to swear

2    under oath to the accuracy of the facts set forth in the agreement.  (Id.)  Both Movant and his

3    attorney signed the acceptance and approval of the agreement stating they had discussed the

4    terms of the plea agreement and that Movant's decision to enter into the agreement was

5    voluntary.  (Id. at 8.)

6         Prior to acceptance of the plea agreement by the Court, Movant expressly consented

7    to allocution pursuant to Rule 11, Fed.R.Crim.P., before a magistrate judge.  (Docs.# 7, 8.)

8    On February 7, 2006, Magistrate Judge Jay R. Irwin conducted Movant's allocution and

9    issued "Findings and Recommendation of the Magistrate Judge Upon a Plea of Guilty and

10   Order."  (Doc.# 8.)  He found that Movant understood:  (1) the nature of the charge to which

11   the plea was offered; (2) his rights to a jury trial, to persist in a plea of not guilty, to the

12   assistance of counsel at trial, to confront and cross-examine adverse witnesses, and against

13   compelled self-incrimination; and (3) the maximum possible sentence, applicability of the

14   sentencing guidelines and the possibility of a departure therefrom under some circumstances.

15   (Id. at 2-3.)  He further found that Movant was competent to plead guilty, that his guilty plea

16   was knowingly and voluntarily made and not the result of force, threats or promises apart

17   from those contained in the plea agreement, as well as a factual basis for the plea, and

18   recommended that the Court accept the guilty plea.  (Id.)  He specifically found that

19   "Defendant understands the terms of any plea agreement provision waiving the right to

20   appeal or to collaterally attack the sentence."  (Id. at 3.)  He directed that any objections to

21   the Findings and Recommendation be submitted in writing within 10 days.  (Id.)  No such

22   objections were submitted.  On May 8, 2006, the Court accepted Movant's plea and

23   sentenced him to 30 months.  (Doc.# 12 at 1.)

24        Movant was sentenced in accordance with the terms of his plea agreement, which he

25   expressly accepted and approved.   Movant was found to be competent and to have

26   voluntarily and knowingly entered into the agreement and he did not object to the Magistrate

27   Judge's finding to that effect.  Movant does not challenge his waiver as involuntary or not

28

TERMPSREF                                    - 4 -

knowingly made, nor does he allege that the ineffective assistance of counsel rendered it so. Because Movant validly waived the right to direct or collateral review and he does not dispute that he knowingly and voluntarily entered into the plea agreement and waived the right to direct or collateral review, Movant fails to state a claim.

**B.  Request for Reduction of Sentence**

Movant also asks for a reduction of his sentence.  Once a sentence has been imposed, a court generally may not correct or modify a sentence except in very narrow circumstances. 18 U.S.C. § 3582(c); United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  None of these exceptions appear to apply to Movant.

A term of imprisonment may be reduced upon motion by the Director of the Bureau of Prisons and upon the court's consideration of the factors set forth in 18 U.S.C. § 3553, a finding of extraordinary and compelling reasons, and a finding that a reduction is consistent with applicable policy statements issued by the Sentencing Commission.   18 U.S.C. § 3582(c)(1).  Movant does not meet this standard because the Director has filed no such motion.

A sentence may also be modified to the extent permitted by Rule 35 of the Rules of Criminal Procedure.   18 U.S.C. § 3582(b)(2), (c)(1)(B).  This rule applies only in very narrow circumstances and does not permit a court to simply reverse its decision about an appropriate sentence.  Penna, 319 F.3d at 512, n.3.  Rule 35(a) provides that a court may correct a sentence that resulted from arithmetical, technical, or other clear error within 7 days after sentencing.  None of these types of errors have occurred.

A court may also reduce a sentence for substantial assistance upon motion of the government.  Fed. R. Crim. P. 35(b).  Because the government has not filed a motion to reduce sentence, this ground does not apply.

**Conclusion**

Movant has failed to present any claim that could possibly result in relief. Accordingly, his Amended Motion pursuant to § 2255 will be dismissed.

TERMPSREF

**IT IS ORDERED:**

(1) Movant's Amended Motion is **dismissed**.  (Doc.# 16.)

(2) The Clerk of Court must enter a judgment of dismissal of the Amended Motion (doc.# 16) and accompanying civil action, CV 06-1319-PHX-JAT (HCE).

DATED this 24th day of August, 2006.


James A. Teilborg
United States District Judge